UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

DENISE L. ELIAS, for MATHEW PAGAN,

           Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

No. 07 Civ. 6319 (RJS)

ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/08

RICHARD J. SULLIVAN, District Judge:

On September 11, 2007, *pro se* plaintiff Denise L. Elias, on behalf of her minor son Mathew Pagan, moved for the appointment of counsel. For the following reasons, plaintiff's motion is denied.

As a threshold issue, "[w]here a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf his or her children has a sufficient interest in the case and meets basic standards of competence . . . a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney." *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002). In considering whether to appoint counsel in this case, this Court must adhere to the standards set forth by the Second Circuit for the appointment of counsel to indigent civil litigants pursuant to 28 U.S.C. § 1915. Thus, in considering whether to appoint counsel:

> [T]he district judge should first determine whether the indigent's [claim] seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the

complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). Moreover, in deciding whether to appoint counsel, the Court must be mindful that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir.1989) ("We cannot afford that waste.").

In this case, as a threshold matter, the Court notes that it is unable to determine, upon an initial review of the Complaint, that plaintiff's claims are likely to be of substance. However, even assuming *arguendo* that plaintiff's claims in this case have satisfied the "low threshold requirement" established by the Second Circuit for claims likely to be "of substance," *Cruz*, 2007 WL 80865, at *2 (quoting *Baskerville v. Goord*, No. 97 Civ. 6413(BSJ)(KNF), 2001 WL 527479, at *1 (S.D.N.Y. May 16, 2001) ), this Court finds that plaintiff's motion for the appointment of counsel should fail at this early stage of the litigation.

First, upon initial review of the Complaint and the application for the court to request counsel, the Court does not find an immediately compelling basis that so strongly suggests a likelihood of success as to warrant the appointment of counsel without regard to the remaining considerations before this Court.

Second, the limited materials available to the Court at this time demonstrate that the plaintiff is competent to pursue this matter on behalf of her son. Plaintiff's submissions, while limited, are organized and cogent.

Third, there is no indication, at this time, that conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder in this case. *See*

*Hodge*, 802 F.2d at 61-62. Plaintiff has appealed a denial of Social Security benefits, and there is a possibility that this case will be resolved on the basis of the pleadings, long before the presentment of evidence to such a fact finder. Of course, the Court may revisit this finding at a later stage of the case, if necessary.

Finally, on the basis of the current record before the Court, there is no basis to conclude that there is a "special reason" that warrants the appointment of counsel.

Nevertheless, the Second Circuit has noted that there "will be cases where, for example, the issues are sufficiently significant or complex so that a non-attorney parent will not be able to proceed without compromising the rights of his or her child." *Machadio*, 276 F.3d at 108. Keeping in mind that admonition, the Court will deny the motion without prejudice to renewal. If, as the case progresses, it becomes clear that Denise L. Elias needs help to protect her son's rights, the Court will entertain a new motion for appointment of counsel.

IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel is DENIED without prejudice to renewal as the case progresses. The Clerk of the Court shall terminate the motion docketed as document # 5.

IT IS FURTHER ORDERED that counsel for defendants shall serve a copy of this Order on plaintiff forthwith and electronically file proof of service with the Court.

SO ORDERED.

Dated:   New York, New York
         April 11, 2008

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE